## Case No. 18,068.

### In re WRIGHT.

[6 Biss. 317.] 1

District Court, N. D. Illinois.    March, 1875.

STATUTE OF LIMITATIONS—SUSPENSION ON DEBTOR'S BANKRUPTCY—RIGHT TO RETURN OF ASSETS.

1. Where a debtor had filed a petition in bankruptcy, his only debts being apparently barred by the statute of limitations, his widow and heirs cannot procure a withdrawal of the property from the bankruptcy court, even though no debts had been proved against the estate. They may have been taken out of the statute, and if provable at the time of filing the petition they would not be barred subsequently. The statute ceases to run on the filing of the petition.

2. The heirs of the bankrupt cannot profit by delay of creditors in proving their debts; and the widow of an intestate has no possible standing in court, her dower claim not passing to the assignee.

In bankruptcy.

Van Arman & Felch, for petitioners.

J. E. Lockwood, assignee, pro se.

BLODGETT, District Judge. In this case the widow and children of the bankrupt have filed their petition, setting forth that the bankrupt filed his petition in this court and was duly adjudicated a bankrupt on the 2d day of March, 1868; that he scheduled interests in certain real estate of which

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

he claimed to be seized at the time of filing his said petition in bankruptcy; that an assignee was appointed to whom all his estate was duly conveyed; that no debts have been proven against said estate, and no sale or disposition of the property assigned has been made by the assignee; that the bankrupt was duly discharged from his debts pursuant to the provisions of the bankrupt law [of 1867 (14 Stat. 517)]; that said John S. Wright, died intestate in September, 1874, leaving petitioners his widow and heirs-at-law.

It is further stated in the petition that all the debts contracted by the bankrupt, and from which he sought to be discharged by this proceeding in bankruptcy, were contracted more than sixteen years ago, and are barred by the statute of limitations of this state. The petitioners then pray that the assignee may be required to reconvey the property of the estate to them as the proper representatives of the bankrupt.

On filing petition, a rule was entered, requiring assignee to show cause why the prayer should not be granted. The assignee answered. stating in substance, that the extreme paucity of assets at the time said proceedings were prosecuted was such that there was no good reason to expect any dividend from said estate to creditors; that the bankrupt had at times prior to his bankruptcy, been possessed of large and varied interests in real estate in Cook county, Illinois, and elsewhere, all of which had, however, at the time of such bankruptcy, been conveyed away or mortgaged, or otherwise incumbered to their full value, and if for any reason such interest should at any time be found valuable, the benefit thereof should be given to the creditors.

It is contended on the part of the petitioners that, inasmuch as no debts have been proved, and as all the debts against the bankrupt's estate are now barred by the statute of limitations, therefore no debts can hereafter be proved, and the heirs of the bankrupt are entitled to a return of the property; in other words, that the estate stands precisely as though all the debts had been duly proved and paid, and there was a remnant or surplus of assets left in the hands of the assignee.

The argument seems to me more specious than sound. It does not follow that because sixteen years have now elapsed since the debts were contracted, they are therefore barred by the statute of limitations. Many or all of them may be in judgment, or on specialty, or a new promise to pay them, or an acknowledgment of their being unpaid, made just on the eve of bankruptcy proceedings, all which would take them out of the statute. And of existing debts to which the statute could not have been pleaded by the assignee if the creditors had sought to prove them at the time the proceedings were commenced, I apprehend they have not been

barred by any time that has elapsed since the schedule was filed. If barred by the statute when proceedings were commenced, the assignee could probably have pleaded the bar, but if valid debts at that time, I think they must remain so as against the assignee, although I cannot find that this precise question has ever been determined. The case is analogous to a trust. Here is property placed in the hands of a trustee for the benefit of certain persons. When the assignee has converted it into money and is ready to distribute it, he is to call a creditors' meeting for the purpose of making a dividend. Until that time the beneficiaries are not required to act. They need not prove their debts until there is something to divide, and their status in regard to the right to a dividend is fixed by this right at the time the proceedings commenced.

Suppose, for instance, a bankrupt schedules a claim which is within one day of being barred by the statute, and suppose the whole term to have elapsed when the creditor comes forward to prove his claim, could the assignee be heard to allege that the bar which commenced to run before bankruptcy had ripened afterwards? I think not, but that if the claim is provable when the proceedings are commenced it must remain provable. True, creditors may forfeit their rights as against each other by their neglect; that is, those who have proven their claims may come in and share all the dividends as against those who neglect to prove. But the bankrupt or his heirs has no right to profit by the delay of the creditors in proving their claims. As long as there are creditors unpaid the bankrupt has no right to demand the property. It is true that the mere statement of a debt by a bankrupt in his schedule, does not make it provable nor take it out of the statute of limitations. If there is any defense to a claim, the assignee or another creditor can assert it, although the bankrupt has in one sense admitted it by his schedule.

So, too, no person can be recognized as a creditor, except one who has proved his claim, but this rule is only applicable to the relations of creditors to each other, and the assignee and not to the bankrupt.

Cases may readily be imagined where creditors, by waiting longer than those of this bankrupt have waited, may be paid in full from the proceeds of property which was apparently valueless at the time the schedule was made.

The bankrupt has accomplished the main purpose for which he came into the court. He has obtained his discharge, and it does not befit his heirs to dictate what creditors shall do about proving their debts, nor when the assignee shall convert the property. That is a matter entirely between the creditors and the assignee. They can put him in motion at any time, or they can allow him in the exercise of his own judgment to await events.

The counsel for the petitioner ask how long they must wait for these debts to be proven? I answer This is not a matter in which they have any concern, and the time they must wait is of no consequence to creditors.

I do not see what standing Mrs. Wright, the widow, has in any event on this petition. Her husband died without a will. She is only entitled to dower, and that will not pass to the assignee. She is not delayed, and therefore has no right to relief here.